UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEITH A. JENNINGS, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. 2:14-cv-0063-WTL-WGH |
| ) | |
| L. LARIVA, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

Petitioner Keith Jennings is confined at the Terre Haute FCI. He brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). Mr. Jennings is serving a term of 360 months imprisonment imposed after a jury found him guilty of a charge of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). *United States v. Jennings,* 3:06-cr-0071-RLM-1 (N.D. Ind. Feb. 27, 2007). Prior to Mr. Jennings' trial on that charge, the government filed a 21 U.S.C. § 851 information alleging that he had a prior 2001 felony drug conviction and a prior 1996 Indiana felony conviction for resisting law enforcement in a manner that created a substantial risk of bodily injury to another person. Based on those two prior convictions, Mr. Jennings qualified as a career offender for sentencing purposes. On direct appeal, Mr. Jennings' conviction and sentence were affirmed. *United States v. Jennings,* 544 F.3d 815 (7th Cir. 2008). Mr. Jennings unsuccessfully challenged the resisting law enforcement prior conviction on appeal as well as in a subsequent action for relief pursuant to 28 U.S.C. § 2255, docketed in the trial court as No. 3:09-cv-427-RLM (N. D. Ind. May 12, 2011). The challenge to treating the state conviction as a "crime of violence" continues here by invoking the savings clause of 28 U.S.C. § 28 U.S.C. § 2255(e).

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States,* 417 U.S. 333, 343 (1974), although 28 U.S.C. § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)).

A second or successive § 2255 may be filed only if authorized by the Court of Appeals. That is, a prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). To fill a potential gap in this statutory scheme, *see In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998), one of the requirements for showing the unavailability of a remedy under § 2255 is that the petitioner relies on a new statutory interpretation case rather than a constitutional case. *Haas v. Cross*, No. 15-cv-642-DRH, 2015 WL 5062768, at *3 (S.D. Ill. Aug. 26, 2015)(citing *Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013), and *Brown v. Rios,* 696 F.3d 638, 640 (7th Cir. 2012)). The statutory scheme requires that relief based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," be routed through 28 U.S.C. § 2255(h).

On May 19, 2014, Mr. Jennings' underlying felony conviction for resisting law enforcement was vacated when post-conviction relief was granted by the St. Joseph Superior Court, No. 71D02-1404-PC-41, and the conviction was reduced to a lesser included offense of

resisting law enforcement, a Class A Misdemeanor. The misdemeanor was reinstated because although he did not flee from police using a vehicle, Mr. Jennings had admitted to fleeing by foot from the police. Dkt. 10. The parties are at loggerheads as to the effect, if any, of the modification of this state conviction from a felony to a misdemeanor.

That dispute is superseded, however, by *Johnson v. United States*, 135 S. Ct. 2551 (2015), which announced a new constitutional rule: "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.,* at 2563; *see also Price v. United States,* No. 15–2427, 2015 WL 4621024, at *1 (7th Cir. Aug. 4, 2015) (holding that "*Johnson* announces a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions."). *Johnson's* invalidation of the residual clause of the ACCA has likewise invalidated the similarly-worded residual clause of the career offender standard of USSG § 4B1.1. *See Cuevas v. United States*, 778 F.3d 267, 273 (1st Cir. 2015) ("Many courts have agreed, finding that there is no principled difference between enhancements under the ACCA and increases under the Sentencing Guidelines."); *Ramirez v. United States*, No. 13-3889, 2015 WL 5011965, at *9 (7th Cir. Aug. 25, 2015)("we proceed on the assumption that the Supreme Court's reasoning [in *Johnson*] applies to section 4B1.2 as well. This is a point, however, that neither side has briefed, and it may warrant attention on remand.").

As noted, the Seventh Circuit has concluded that *Johnson* announces a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction. *Price,* 2015 WL 4621024, at *1 (7th Cir. Aug. 4, 2015). *Price* shows that an inmate in Mr. Jennings' situation has a meaningful remedy to file a second or successive § 2255 motion, via an application pursuant to 28 U.S.C. § 2255(h). The existence of this remedy negates both the need and the opportunity to use the savings clause of 28 U.S.C. § 2255(e). *Pulliam v. Krueger*, No. 15-

cv-1268, 2015 WL 4648034, at *2-3 (C.D.Ill. Aug. 5, 2015) ("Because Petitioner relies upon a new rule of constitutional law, he cannot make use of the § 2255 safety valve and bring this § 2241 petition under § 2255(e). Instead, he must bring his challenge pursuant to § 2255 rather than § 2241."); *Cockrell v. Krueger*, No. 15-cv-1279, 2015 WL 4648029, at *3 (C.D.Ill. Aug. 5, 2015)("Because Petitioner relies upon a new rule of constitutional law, he must bring his challenge pursuant to § 2255 rather than § 2241."); *see also Hollywood v. Rivera*, No. 2:15-cv-00113-JM/BD, 2015 WL 5050253, at *3 (E.D.Ark. Aug. 4, 2015) ("The Supreme Court's decision in *Johnson* does not render the savings clause of 28 U.S.C. § 2255(e) applicable to Mr. Hollywood's case. Mr. Hollywood has not demonstrated that the § 2255 remedy is inadequate or ineffective in order to trigger the statute's savings clause. But, Mr. Hollywood may petition the Eighth Circuit Court of Appeals to file a second or successive petition under 28 U.S.C. § 2255(h)(2), citing the Supreme Court's decision in *Johnson*."), *report and recommendation adopted*, 2015 WL 5050546 (E.D.Ark. Aug. 26, 2015); *McKinney v. Quintana*, No. 5:15-cv-218-DCR, 2015 WL 4978680, at *3 (E.D.Ky. Aug. 20, 2015)("McKinney cannot meet his burden with respect to his claim based on *Johnson* because § 2255 provides an avenue for review of this claim. *See* 28 U.S.C. §§ 2255(f)(3), (h)(2). While this Court has no opinion as to whether these efforts will ultimately be successful, it is clear that there is a mechanism for review of McKinney's arguments under § 2255.")(citing *Wood v. Maiorana,* No. 3:cv–15–1409, 2015 WL 4663267, at *4 (M.D.Penn. Aug. 6, 2015)).

Mr. Jennings' claim is that he is innocent of a crime of violence. *Johnson* gives traction to that claim, apart from its conversion to a misdemeanor, and *Price* validates the procedure which can be used. Mr. Jennings has a meaningful remedy available to seek relief from his career offender-enhanced sentence through 28 U.S.C. § 2255(h). That remedy is not inadequate or

ineffective. Thus, Mr. Jennings has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**. His request for the appointment of counsel [dkt 10] is likewise **denied** because it is not in the interests of justice that counsel be appointed for him in this court.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  9/2/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Keith A. Jennings, Reg. No. 51621-019, Terre
Terre Haute, IN 47808

Electronically registered counsel